IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNA M. DICKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 04-0735-CG-B |
| ) | |
| SPRINGHILL HOSPITALS, INC., d/b/a ) | |
| SPRINGHILL MEMORIAL HOSPITAL ) | |
| and SPRINGHILL MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the motion of defendant, Springhill Hospitals, Inc., d/b/a Springhill Memorial Hospital and Springhill Medical Center (hereinafter "Springhill") for summary judgment (Doc. 21), plaintiff's response in opposition to summary judgment (Doc. 29), and Springhill's reply (Doc. 32). Upon consideration of all matters presented, and for the reasons stated herein, the court concludes that defendant's motion is due to be **GRANTED**.

**I.   FACTS**

Plaintiff's cause of action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. §§ 1981, et seq. Plaintiff seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the alleged race discrimination plaintiff suffered in connection with her employment and termination by defendant Springhill, her former employer. (Doc. 1 at 1). Plaintiff claims that she has endured and will continue to

1

endure emotional pain, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, and may also experience future pecuniary losses as a result of defendant's alleged discrimination. Id. at 3. Plaintiff also avers that defendant "engaged in discrimination against the plaintiff with malice or reckless indifference to plaintiff's rights under Title VII and 42 U.S.C. § 1981." Id. Defendant has moved this court for summary judgment as to all of plaintiff's claims. (Doc. 21).

Plaintiff Anna M. Dickinson is an African-American female whom defendant employed as a nursing assistant from approximately February 2001, until her termination on December 16, 2003. (Doc. 1 at 3). Plaintiff states that she was terminated for "allegedly violating [defendant's] work policies." Id. Plaintiff asserts that she "complied with the defendant's policies, however, at least two other white employees who did in fact violate the [defendant's] policies (Helen Nixon and Kate Muse) were not fired." Id. Plaintiff further contends that "[o]ver the past five or six months the employer terminated mostly black employees, and not white employees. Several of the black employee[s] who have been terminated in the last five or six months were replaced by white employees." Id. According to plaintiff, defendant replaced her with a white employee also. Id.

Plaintiff filed a complaint on November 18, 2004, alleging that defendant terminated plaintiff based upon her race. (Doc. 1 at 3). Plaintiff's claim is grounded on her allegation that she was treated differently than Helen Nixon and Kate Muse, two white employees whom plaintiff appears to allege violated defendant's policies but were not terminated. (Doc. 1 at 3).
Defendant responds that it terminated plaintiff on December 16, 2003, for violating Springhill Memorial Hospital's call-in procedure. (Aff. of Whitlock); (Doc. 22 at 2). Defendant also argues that Helen Nixon and Kate Muse did not violate defendant's call-in procedure. (Aff. of Whitlock). Defendant

proffers plaintiff's deposition, in which plaintiff admits that she does not know if "Helen Nixon or Kate Muse were ever a no call, no show" to contravene plaintiff's claim of disparate or discriminatory treatment. (Dickinson Dep. at 42, 64-65).

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). As succinctly stated by the Eleventh Circuit:

> A factual dispute is genuine only if "a reasonable jury could return a verdict for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir.1991) (citation omitted). The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir.2001). In evaluating the argument of the moving party, the district court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999). Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Info. Sys. and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224-25 (11th Cir. 2002). The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817 (1995).

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." Ryan v. Int'l Union of Operating Engrs, Local 675, 794 F.2d 641, 643 (11th Cir. 1986). There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on

>summary judgment. Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994)(citing Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 269 (7th Cir. 1986)), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

Id. at 599. The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The failure by the nonmoving party to make a sufficient showing on an essential element of its action entitles the moving party to judgment as a matter of law. Id. at 323.

### III.   STATEMENT OF THE LAW

Plaintiff asserts that "race was a motivating factor and made a difference in the defendant's racially disparate treatment and termination." (Doc 1. at 3-4). Plaintiff's cause of action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. §§ 1981, et seq. The plaintiff's Title VII claim of racial discrimination is premised upon 42 U.S.C. § 2000e-2(a), which provides in part that "it shall be unlawful employment practice . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a) (Lexis 2005). 42 U.S.C. § 1981 states in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a) (Lexis 2005). The Supreme Court and the Eleventh Circuit have addressed § 1981's application in employment discrimination cases.

>Section 1981 prohibits intentional race discrimination in the making and

> enforcement of public and private contracts, including employment contracts. See,
> e.g., Johnson v. Railway Express Agency, 421 U.S. 454, 459-460, 95 S.Ct. 1716,
> 1720, 44 L.Ed.2d 295 (1975) (holding unequivocally that § 1981 protects against
> racial discrimination in private employment). Section 1981 liability must be founded on
> purposeful discrimination. See General Bldg. Contractors Ass'n v. Pennsylvania, 458
> U.S. 375, 389, 102 S.Ct. 3141, 3149, 73 L.Ed.2d 835 (1982); Lincoln v. Board of
> Regents of Univ. System of Ga., 697 F.2d 928, 935 n. 6 (11th Cir.1983).
>
> A showing of disparate impact through a neutral practice is insufficient to prove
> a § 1981 violation because proof of discriminatory intent is essential. See General
> Bldg. Contractors Ass'n, 458 U.S. at 388, 102 S.Ct. at 3149 (recognizing that the
> drafters of § 1981 were not concerned with practices that were facially neutral);
> Lincoln, 697 F.2d at 935 n. 6. Accordingly, only direct or inferential modes of proving
> intentional discrimination are available to the § 1981 plaintiff. See Larkin v.
> Pullman-Standard Div., Pullman, Inc., 854 F.2d 1549, 1561 (11th Cir.1988),
> overruled on other grounds by Swint v. Pullman-Standard, Inc., 493 U.S. 929, 110
> S.Ct. 316, 107 L.Ed.2d 307 (1989) (where plaintiff proceeded on a theory of
> disparate impact, plaintiff is limited to Title VII and cannot seek the broader § 1981
> remedies and longer liability period). Cf. Stallworth v. Shuler, 777 F.2d 1431, 1433
> (11th Cir.1985) (where plaintiff claims only disparate treatment under both Title VII
> and § 1981, courts may analyze claims together).
>
> The test for intentional discrimination in suits under § 1981 is the same as the
> formulation used in Title VII discriminatory treatment cases. See Patterson v. McLean
> Credit Union, 491 U.S. 164, 186, 109 S.Ct. 2363, 2377-78, 105 L.Ed.2d 132
> (1989).

Ferrill v. Parker Group, 168 F.3d 468, 472 (11th Cir. 1999). Since the test for intentional discrimination is the same under § 1981 and Title VII claims, the court now turns to the Title VII analytical framework. It should be noted, however, that whereas Title VII affords equitable relief alone, § 1981 permits both equitable and legal relief, including compensatory and punitive damages. Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 460 (1975).

A.   The Prima Facie Case

A Title VII disparate treatment plaintiff must prove that the defendant acted with an intentional discriminatory purpose. Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1184 (11th

5

Cir.1984). The plaintiff has the burden to establish a prima facie case of employment discrimination by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). This prima facie case can be established in three ways: (1) by presenting direct evidence of discriminatory intent; (2) by meeting the McDonnell Douglas test; or, (3) by demonstrating through statistics a pattern of discrimination. Earley v. Champion In'l Corp., 907 F.2d 1077, 1081 (11th Cir.1990).

### B.     Burden-Shifting Analysis

As is often true, there is no direct evidence of discrimination in this case.[1] The plaintiff must therefore show racial animus pursuant to the burden-shifting rubric articulated by the Supreme Court in McDonnell Douglas:

> The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (I) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

McDonnell Douglas, 411 U.S. at 802 (1973). This framework is flexible and may be adapted to other Title VII claims. "The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from [the plaintiff] is not necessarily applicable in every respect to differing

---

[1] See Perryman v. Johnson Products Co., Inc., 698 F.2d 1138, 1143 (11th Cir. 1983)("[S]ome plaintiffs are able to prove the existence of discriminatory intent by direct evidence; in these rare cases, the plaintiff is not required to rely on the inference of discrimination created by the prima facie case of McDonnell Douglas."); EEOC v. Reichhold Chemicals, Inc., 988 F.2d 1564, 1570 (11th Cir. 1993) ("This circuit has [held] that a Title VII plaintiff need not submit direct proof of intent to discriminate, but can rely on circumstantial evidence. Requiring direct evidence would eviscerate Title VII's effectiveness because direct evidence rarely exists in disparate treatment cases."(citations omitted)).

factual situations." Id. at n. 13.

Thus, as more generally stated,

> Under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), a plaintiff can establish a prima facie case that she was discriminated against in violation of Title VII by showing: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job or job benefit at issue. See Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir.1997).

Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 842-43 (11th Cir. 2000).

In Combs v. Plantation Patterns, 106 F.3d 1519 (11th Cir. 1997), the Combs court explained that:

> Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case. Burdine, 450 U.S. at 254, 101 S.Ct. at 1094 (footnote omitted).
>    The effect of the presumption of discrimination created by establishment of the prima facie case is to shift to the employer the burden of producing legitimate, nondiscriminatory reasons for the challenged employment action. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824; Burdine, 450 U.S. at 254, 101 S.Ct. at 1094. To satisfy that burden of production, "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." Burdine, 450 U.S. at 254-55, 101 S.Ct. at 1094 (citation and footnote omitted). "[T]o satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Id. at 257, 101 S.Ct. at 1096 (emphasis added).
>    If a defendant carries its burden of producing legitimate, nondiscriminatory reasons for its decision, the presumption of discrimination created by the McDonnell Douglas framework "drops from the case," and "the factual inquiry proceeds to a new level of specificity." Burdine, 450 U.S. at 255 & n. 10, 101 S.Ct. at 1094-95 & n. 10. However, elimination of the presumption does "not imply that the trier of fact no longer may consider evidence previously introduced by the plaintiff to establish a prima facie

case." <u>Id.</u> at 256 n. 10, 101 S.Ct. at 1095 n. 10. As the Supreme Court has explained:

> A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation.

<u>Id.</u>

Once a defendant satisfies its intermediate burden of production, and the initial presumption of discrimination accompanying the prima facie case has been eliminated, the plaintiff has the opportunity to discredit the defendant's proffered explanations for its decision. According to the Supreme Court:

> [The plaintiff] now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision.... [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or <u>indirectly by showing that the employer's proffered explanation is unworthy of credence</u>.

<u>Id.</u> at 256, 101 S.Ct. at 1095 (emphasis added) (citation omitted). In other words, the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. <u>Id.</u>; <u>McDonnell Douglas</u>, 411 U.S. at 804, 93 S.Ct. at 1825.

<u>Combs</u>, 106 F.3d at 1527-1528.

### IV.   ANALYSIS

Initially, the court observes that there is no direct evidence of discrimination on the record; therefore, the court applies the <u>McDonnell Douglas</u> framework to the facts presented. Under that rubric, plaintiff may establish a <u>prima facie</u> case by showing: "(1) she is a member of a protected

8

class;  (2) she was subjected to adverse employment action;  (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably;  and (4) she was qualified for the job or job benefit at issue."  Rice-Lamar, 232 F.3d at 842-43.

The first two McDonnell Douglas elements are satisfied; plaintiff is an African-American female, and she was terminated.  However, the plaintiff has failed to proffer evidence to demonstrate that the defendant treated similarly situated employees outside of plaintiff's class -- known as "comparators"-- more favorably.  In her complaint, plaintiff indicates that defendant terminated her employment for "allegedly violating [defendant's] work policies."  (Doc. 1 at 3). Plaintiff asserts that she "complied with the defendant's policies, however, at least two other white employees who did in fact violate the [defendant's] policies (Helen Nixon and Kate Muse) were not fired."  Id.  In plaintiff's deposition, however, on two occasions, plaintiff admits that she does not have actual knowledge as to whether Nixon or Muse ever violated defendant's policy.  (Dickinson Dep. at 42, 64-65).  In response to defendant's motion for summary judgment, plaintiff attempts to submit a subsequent declaration in which she alleges, "[Muse and Nixon] abused the call-in procedure."  (Dickinson Decl. ¶ 8).

"When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."  Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984).  The court applies the reasoning advanced in Junkins to this case, and holds that plaintiff's declaration, which directly contradicts plaintiff's previous deposition testimony, is due to be stricken.  Thus, in the absence of any evidence to reflect that the defendant treated similarly situated employees who are not members of the plaintiff's

9

class more favorably, the plaintiff has failed to establish a prima facie case of employment discrimination. The court therefore declines to address the fourth element of the McDonnell Douglas analysis and finds that defendant's motion to dismiss is due to be granted.

Even if plaintiff had established a prima facie case, the court finds that defendant would still be entitled to summary judgment. Once a plaintiff establishes a prima facie case, the burden then shifts to the defendant, who must "proffer a legitimate, non-discriminatory reason for the adverse employment action. The employer's burden is exceedingly light." Hamilton v. Montgomery County Bd. of Educ., 122 F.Supp.2d 1273,1280 (M.D. Ala. 2000) (quoting Meeks v. Computer Assoc. Int'l, 15 F.3d 1013, 1021 (11th Cir. 1994) (internal quotations omitted). Defendant's evidence shows that plaintiff was terminated because she failed to adhere to defendant's call-in procedure. (Aff. of Whitlock). Plaintiff responds that "[t]he [d]efendant should be estopped from defending on the grounds that there was a legitimate non-discriminatory reason for the [p]laintiff's termination." (Doc. 29 at 1). More specifically, the Alabama Department of Industrial Relations issued an administrative ruling, in which an administrative hearing officer determined that plaintiff had not committed any "deliberate misconduct" as defined in Section 25-4-78(3)(b) of the Alabama Unemployment Compensation Law in connection with her termination. (See Doc. 30, Exh #4, Decision on Unemployment Compensation Claim). Plaintiff contends that, pursuant to the doctrine of collateral estoppel, the result of the administrative proceeding should preclude defendant from proffering a legitimate non-discriminatory reason for plaintiff's discharge. (Doc. 29 at 1).

> Collateral estoppel is issue preclusion; it refers to the preclusive effect of a judgment in foreclosing the relitigation of a particular issue in a subsequent proceeding, if that issue was raised, litigated, and adjudicated in a prior lawsuit, and if the adjudication of the issue was

necessary to the outcome of the prior lawsuit.

S.E.L. Maduro (Florida), Inc. v. M/V Antonio De Gastaneta, 833 F.2d 1477, 1483 (11th Cir. 1987).

There are several prerequisites to the application of collateral estoppel:

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

CSX Transp., Inc. v. Bhd. of Maint. of Way Emples., 327 F.3d 1309, 1317 (11th Cir. 2003) quoting I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

Whereas the administrative hearing officer ruled upon plaintiff's eligibility for unemployment compensation, the issue before this court is whether defendant acted with an intentional discriminatory purpose. Nix, 738 F.2d at 1184. It follows that the plaintiff's reliance upon the doctrine of collateral estoppel is misplaced because there is no identity of issues. Moreover, even if a Title VII claimant did not, in fact, commit the violation with which she is charged, an employer successfully rebuts any prima facie case of disparate treatment by showing that it honestly believed the employee committed the violation. Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir.1991); Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir.1989). In view of the court's determination that the administrative proceeding has no preclusive effect, the court concludes that the defendant has satisfied its burden of production by presenting this court with a legitimate nondiscriminatory reason for plaintiff's discharge.

Ordinarily, the plaintiff would have the opportunity to discredit the defendant's proffered explanations for its decision to terminate the plaintiff. Plaintiff's averment that the defendant

discriminated against the plaintiff on the basis of her race, however, has no support in the record.[2] Moreover, federal courts "do not sit as a super-personnel department that reexamines an entity's business decisions." Chapman v. AI Transp. et al., 229 F.3d 1012, 1030 (11th Cir. 2000) (quoting Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991)). It is not appropriate for either the plaintiff or this court to "recast an employer's proffered non-discriminatory reasons or substitute his business judgment for that of the employer." Chapman, 229 F.3d at 1030. An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1187 (11th Cir. 1984).

## CONCLUSION

Upon a thorough analysis of all matters presented, the court concludes that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. The defendant's motion for summary judgment (Doc. 21) is therefore **GRANTED** as to all claims.

**DONE and ORDERED** this 10th day of November, 2005.

/s/ Callie V. S. Granade
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] See court's finding as to defendant's motion to strike plaintiff's declaration supra p. 9.